Harold D. HORNSBY, Plaintiff–Appellant,

v.

Stephen W. KAISER; Dennis Cunningham; Captain Boyd; Corrections Corporation of America; James Clark; C.O. King; Bill Knowles; Charlotte Curtis; Scott M. Houck, Defendants–Appellees.

No. 01–6149.

United States Court of Appeals, Tenth Circuit.

May 29, 2002.

Before HENRY, Circuit Judge, BRORBY, Senior Circuit Judge, and BRISCOE, Circuit Judge.

---

### ORDER AND JUDGMENT *

BRORBY, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Harold D. Hornsby, a prisoner of the State of Oklahoma appearing pro se, filed a civil rights complaint against defendants-appellees under 42 U.S.C. § 1983. He alleged that appellees—all prison officials—conspired to transfer him from a state prison in Oklahoma to a private facility in Texas in retaliation for filing grievances in connection with his medical care and that, in the process of being transferred, some of his legal materials were temporarily withheld from him, hampering his right of access to the courts.

Appellees filed motions to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6) and/or for summary judgment under Fed.R.Civ.P. 56. The case was referred to a magistrate judge, who thoroughly reviewed appellant's claims of conspiracy, retaliation, and access to the courts. The magistrate judge recommended that appellant's conspiracy claim be dismissed because appellant failed to allege an agreement between appellees. Because appellees provided materials outside the pleadings as to the other claims, the magistrate judge construed their motions as for summary judgment, and recommended that they be granted. She decided that appellant failed to provide factual support for the allegation that his transfer was retaliatory, and did not show any injury from the temporary confiscation of his legal materials. Appellant filed objections on the merits and also challenged the magistrate judge's jurisdiction to make a recommendation. The district court adopted the magistrate judge's recommendation in its entirety.

Appellant appeals. He has filed motions for leave to proceed on appeal without prepayment of fees and costs, to designate the record, and "to vacate judgment and remand for [Fed.R.Civ.P.] 52(a) specific and clear subsidiary factual basis," which appears to challenge the district court's summary adoption of the magistrate judge's reasoning. We have jurisdiction under 28 U.S.C. § 1291.[1]

We review a dismissal under Rule 12(b)(6) de novo. *Wark v. United States,* 269 F.3d 1185, 1189 (10th Cir.2001). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Jurisdiction was challenged because it appeared that appellant's notice of appeal was untimely. A pro se prisoner's notice of appeal is deemed filed when it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Appellant has now provided sufficient documentation to show that he gave his notice of appeal to the prison mail system on time. Thus, the court has jurisdiction over the appeal.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A district court need not grant leave to amend if the amended complaint would also be subject to dismissal for failure to state a claim. *See Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983) (per curiam). We also review the grant of summary judgment de novo, applying the same standard as the district court under Fed. R.Civ.P. 56(c). *Rogers v. United States,* 281 F.3d 1108, 1113 (10th Cir.2002). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c).

In his brief on appeal, appellant argues that: (1) the district court erred in adopting the magistrate judge's recommendation because the magistrate judge improperly weighed disputed facts on summary judgment; (2) the district court should have allowed him to amend his complaint; (3) the district court erroneously applied a heightened burden of proof on his claim of retaliation; and (4) the district court erroneously determined to be without merit his claim that appellees hampered his right of access to the courts.

We first address appellant's apparent challenge to the magistrate judge's jurisdiction in his "motion to vacate judgment and remand for Rule 52(a) specific and clear subsidiary factual basis." Based on the district court's designation of this case to the magistrate judge under 28 U.S.C. § 636(b)(1)(B) & (C), the magistrate judge had jurisdiction to make a report and recommendation without appellant's consent. *See* R. doc. 5; *Garcia v. City of Albuquerque,* 232 F.3d 760, 765–66 (10th Cir.2000). The district court stated that it reviewed the record de novo, and did not err by summarily adopting the magistrate judge's report and recommendation. *See Garcia,* 232 F.3d at 766. Therefore, appellant's apparent challenge to the magistrate judge's jurisdiction is frivolous, and his "motion to vacate judgment and remand for Rule 52(a) specific and clear subsidiary factual basis" is denied.

Appellant's other assertions of error are also frivolous. Appellant has not pointed to any specific allegations that, if proved, would show that appellees conspired against him. For this reason, granting leave to amend his complaint would have been futile. *See Sooner Prods. Co.,* 708 F.2d at 512. Further, appellant has not pointed to any evidence to demonstrate that his transfer was retaliatory or that the temporary confiscation of some of his legal materials caused him injury. Therefore, for substantially the same reasons as those set forth in the magistrate judge's thorough and well-reasoned report and recommendation, as reviewed de novo and adopted by the district court, this appeal is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal counts as a "prior occasion" or "strike" for the purposes of the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Detention Ctr. Med. Facility,* 175 F.3d 775, 780–81 (10th Cir.1999).

Appellant's motion for leave to proceed on appeal in forma pauperis is denied. Appellant is responsible for the immediate payment of the unpaid balance on the appellate filing fee. Appellant's motion to designate the record is denied as moot. His "motion to vacate judgment and remand for Rule 52(a) specific and clear subsidiary factual basis" is denied. His motions to file a supplemental reply and to supplement the record on appeal with regard to jurisdiction are granted.

The appeal is DISMISSED. The mandate shall issue forthwith.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.